UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GARY P. SMITH,<br><br>　　　　　　　Plaintiff,<br><br>　v.<br><br>ROBERT J. HERNANDEZ, et al.,<br><br>　　　　　　　Defendants. | Civil No.　07cv1585 BEN (CAB)<br><br>**REPORT AND RECOMMENDATION REGARDING DEFENDANTS' MOTION TO DISMISS THE COMPLAINT**<br>**[Doc. No. 20.]** |

## I. INTRODUCTION

Plaintiff, a state prisoner proceeding *pro se*, brought this action for violations of his civil rights under 42 U.S.C. § 1983. On February 25, 2008, Defendants P. Zinser, R. Lawson, F. Labaco, Jr., T. Stoll, and R. Hernandez, employees at R.J. Donovan State Prison, moved to dismiss the Complaint. [Doc. No. 20.] Plaintiff submitted an opposition on March 20, 2008. [Doc. No. 24.] Defendants filed a reply on March 27, 2008. [Doc. No. 24.] For the reasons that follow, this Court recommends Defendants' motion be **GRANTED** and the Complaint be **DISMISSED** without prejudice for failure to exhaust administrative remedies.

///
///
///
///
///

## II. BACKGROUND

At all relevant times, Plaintiff was incarcerated at R.J. Donovan State Prison ("Donovan"). The Complaint alleges the following facts.

Plaintiff arrived at Donovan on March 5, 2004. [Doc. No. 1 at 5.][1] Plaintiff has a history of epilepsy and has suffered several seizures since he was placed in the custody of the California Department of Corrections and Rehabilitation ("CDCR"). [*Id*.] Because of his condition, Plaintiff was issued a medical "chrono" stating he should be assigned to a lower bunk on a lower tier. [*Id*., Ex. C.] However, Plaintiff was assigned to a top bunk on the top tier. [*Id*. at 5.] Defendants were aware of Plaintiff's condition and his concerns about his housing assignment. [*Id*.]

On April 21, 2004, Plaintiff had a seizure and fell down a flight of approximately fifteen stairs. [*Id*. at 6.] At the time of the accident, Plaintiff was very heavily medicated. [*Id*.] Plaintiff was hospitalized later that day as a result of the fall. [*Id*.]

## III. DISCUSSION

As a preliminary matter, although the Complaint names J.R. Sandlin as a defendant, this individual does not appear to have been served.

> If service of the summons and complaint is not made upon a defendant within 120 days after the filing of the complaint, the court, upon motion or on its own initiative after notice to the plaintiff, shall dismiss the action without prejudice as to that defendant or direct that service be effected within a specified time; provided that if the plaintiff shows good cause for the failure, the court shall extend the time for service for an appropriate period.

Fed. R. Civ. P. 4(m). The Complaint was filed on August 9, 2007. On December 4, 2007, Plaintiff's motion for leave to proceed in forma pauperis was granted and the United States Marshal was directed to effect service. Based on the date when the Marshal was directed to effect service, the service period lapsed on April 2, 2008. Plaintiff has neither requested an extension of the service period nor shown good cause for an extension. Therefore, this Court recommends the claims against J.R. Sandlin be **DISMISSED without prejudice**.

Plaintiff claims Defendants were deliberately indifferent to his serious medical needs in violation of the Eighth Amendment. [Doc. No. 1 at 5.] Plaintiff also claims his rights under the First, Fifth, and

---

[1] Because Plaintiff did not number the pages in his Complaint, citations to the Complaint refer to the pages as they are numbered on the docket.

Fourteenth Amendments were violated when Defendants failed to respond to Plaintiff's timely filed administrative grievances. [Doc. No. 1 at 7.] Finally, Plaintiff alleges several California state law claims.

Defendants argue Plaintiff's federal law and state law claims should be dismissed without prejudice because Plaintiff failed to properly exhaust his administrative remedies. Defendant also argue the claims against Defendants in their official capacities should be dismissed with prejudice, and Plaintiff's claims under the First, Fifth, and Fourteenth Amendments should be dismissed for failure to state a claim upon which relief may be granted. Because this Court finds Plaintiff failed to properly exhaust his administrative remedies, it is not necessary to address Defendants' other arguments because a finding of failure to exhaust requires that a case be dismissed without prejudice.

**A.   Federal Claims**

A prisoner may not bring an action under 42 U.S.C. § 1983 until he has exhausted administrative remedies. 42 U.S.C. § 1997e(a). The statute requires "proper exhaustion," which means "complet[ing] the administrative review process in accordance with the applicable procedural rules." *Jones v. Bock*, --- U.S. ---, 127 S.Ct. 910, 922-23 (2007) (quoting *Woodford v. Ngo*, 548 U.S. 81, 126 S.Ct. 2378 (2006) (slip op., at 5)). "The level of detail necessary in a grievance to comply with the grievance procedures will vary from system to system and claim to claim, but it is the prison's requirements, and not the [statute], that define the boundaries of proper exhaustion." *Id*.

Furthermore, the Supreme Court has strictly construed section 1997e(a). *See Booth v. C.O. Churner*, 532 U.S. 731, 741 n.6 (2001) (stating "[w]e will not read futility or other exceptions into statutory exhaustion requirements where Congress has provided otherwise"). Exhaustion is a precondition to *suit*, and thus a court must dismiss without prejudice when there is no pre-suit exhaustion. *McKinney v. Carey*, 311 F.3d 1198, 1200-01 (9th Cir. 2002) (italics in original). Failure to exhaust may result in a procedural default because the exhaustion requirement can only be satisfied by "proper exhaustion of administrative remedies," which means a prisoner cannot satisfy the requirement "by filing an untimely or otherwise procedurally defective administrative grievance or appeal." *Woodford*, 126 S.Ct. at 2382.

///

Finally, section 1997e(a) does not impose a pleading requirement, but rather, is an affirmative defense under which the defendants have the burden of raising and proving the absence of exhaustion. *Wyatt v. Terhune*, 315 F. 3d 1108, 1119 (9th Cir. 2003). The failure to exhaust nonjudicial administrative remedies that are nonjurisdictional is subject to an unenumerated Rule 12(b) motion, instead of a summary judgment motion. *Id*. "In deciding a motion to dismiss for failure to exhaust nonjudicial remedies, the court may look beyond the pleadings and decide disputed issues of fact." *Id*.

When a factual dispute exists concerning whether the plaintiff exhausted administrative remedies, "the court has a broad discretion as to the method to be used in resolving the factual dispute." *Ritza v. Int'l Longshoremen's & Warehousemen's Union*, 837 F.2d 365, 369 (9th Cir. 1988) (quoting *Moore's Federal Practice* ¶ 56.03, at 56-61 (2d ed. 1987)). "[N]o presumptive truthfulness attaches to plaintiff's allegations, and the existence of disputed material facts will not preclude the trial court from evaluating for itself the merits of jurisdictional claims," *Thornhill Publishing Co. v. General Te. & Elecs. Corp.*, 594 F.2d 730, 733 (9th Cir. 1979) (internal quotations omitted). If the court concludes the prisoner has failed to exhaust administrative remedies, the proper remedy is dismissal without prejudice. *Wyatt*, 315 F.3d at 1119.

Here, the State of California affords its prisoners the right to administratively appeal "any departmental decision, action, condition or policy perceived by those individuals as adversely affecting their welfare." Cal. Code Regs. tit. 15, § 3084.1(a). In order to exhaust administrative remedies within this system, a prisoner must proceed through an informal appeal and three formal levels of review, the last of which is an appeal to the director of the California Department of Corrections. *Barry v. Ratelle*, 985 F. Supp. 1235, 1237 (S.D. Cal. 1997). The initial formal appeal must be submitted within fifteen working days of the incident being appealed. Cal. Code Regs. tit. 15 § 3084.6(c). The exhaustion requirement of 42 U.S.C. § 1997e(a), is satisfied by a final decision at the Director's Level. *Id*. at 1237-38.

Plaintiff claims he submitted "numerous" inmate grievances soon after the accident, but received no response. [Doc. No. 1 at 5.] He states that since the accident he has been transferred to other state prisons, and his administrative grievances may have been returned to the wrong address. [*Id*. at 6.] Finally, in his opposition, Plaintiff claims he made a "good faith effort" to exhaust his administrative

remedies, and speculates Defendants destroyed his administrative grievances. [Opposition at 4.] However, apart from these allegations, Plaintiff has provided no evidence to indicate he properly exhausted his administrative grievances through the Director's Level.

In contrast, Defendants have provided sworn declarations from E. Franklin, Appeals Coordinator at Donovan, and N. Grannis, Chief of Inmate Appeals for the CDCR, which demonstrate Plaintiff has failed to properly exhaust his administrative remedies. Additionally, Defendants have provided a sworn declaration from J. Bishop, Custodian of Records for the CDCR, as well as a copy of Plaintiff's movement history, which show Plaintiff was not transferred from Donovan until approximately two and a half years after the incident. (Decl. of Bishop, at ¶ 5, Ex. A.)

E. Franklin searched the Inmate/Parolee Appeals Tracking System for any inmate appeals filed by Plaintiff, while incarcerated at Donovan. (Decl. of Franklin, at ¶ 9-10.) The search revealed that on January 24, 2007, Plaintiff submitted an inmate appeal to the First Level of review regarding a personal property issue, which was granted at the First Level on March 2, 2007. (*Id*. at ¶ 10, Ex. B.) The search revealed no record of any other inmate appeals submitted by Plaintiff while at Donovan, nor was there any record that Plaintiff submitted correspondence to the Inmate Appeal's Office inquiring about appeals he submitted, but to which he received no response. (*Id*. at ¶ 11.)

N. Grannis searched for any and all third level appeals that have been filed/submitted by Plaintiff, whether those appeals were granted, denied, screened out, or archived. (Decl. of Grannis, at ¶ 6-7.) The search revealed Plaintiff had one Third Level appeal accepted for review on October 20, 1993, regarding a medical issue. (*Id*. at ¶ 6.) The appeal was denied on December 3, 1993. (*Id*.) The search also revealed that on April 18, 2007, Plaintiff submitted an appeal regarding a property issue, but it was screened out because Plaintiff had not completed the appeal through the Second Level of review. (*Id*. at ¶ 7.) The search revealed no record of any other inmate appeals that were received at the Third Level of review. (*Id*.)

In sum, the weight of the evidence supports a finding that Plaintiff failed to properly exhaust his administrative grievances by pursuing his claim through the Third Level of review, the Director's Level. While at Donovan, Plaintiff filed only a single inmate appeal at the First Level of review, which was unrelated to the allegations contained in the instant complaint. Thus, there is no record Plaintiff

5

07cv1585

submitted even a First Level appeal concerning the incident in question, let alone that he properly exhausted his administrative grievances by filing an appeal at the Director's Level.

Plaintiff's speculation that his prison transfers following the accident may have caused his appeals to be sent to the wrong location is belied by a copy of his CDCR moving history, which shows he remained in Donovan for approximately two and a half years after the incident. As noted above, a prisoner's initial formal appeal must be submitted within fifteen working days of the incident being appealed. Cal. Code Regs. tit. 15 § 3084.6(c). Therefore, his First Level inmate appeal would have been processed well before he was transferred out of Donovan.

Plaintiff's claim that he made a "good faith effort" to exhaust administrative remedies fails to satisfy the statutory exhaustion requirements, because there is no "good faith" exception to a failure to exhaust administrative remedies. *See Booth*, 532 U.S. at 741 n.6 ("[w]e will not read futility or other exceptions into statutory exhaustion requirements where Congress has provided otherwise"). Finally, in the absence of any evidence of improper behavior, this Court does not credit Plaintiff's conclusory allegation that Defendants destroyed his inmate appeals. *Cf. Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989) (holding conclusory allegations that are unsupported by factual data cannot defeat a motion for summary judgment). Accordingly, based on the above analysis, this Court concludes Plaintiff failed to properly exhaust his administrative remedies, and therefore recommends Plaintiff's federal claims under section 1983 be **DISMISSED without prejudice**.

**B.     State Claims**

Plaintiff's remaining claims are various state common law claims and alleged violations of the California Constitution. Section 1983 "is not itself a source of substantive rights, but a method for vindicating *federal* rights elsewhere conferred by those parts of the United States Constitution and federal statutes that it describes." *Baker v. McCollan*, 443 U.S. 137, 144 n.3 (1979) (emphasis added). A claim for violation of state law is not cognizable under section 1983. *See Barry v. Fowler*, 902 F.2d 770, 772 (9th Cir. 1990); accord *Ebmeier v. Stump*, 70 F.3d 1012, 1013 (8th Cir. 1995) ("We take this opportunity to emphasize that violations of state laws, state-agency regulations, and . . . state-court orders, do not by themselves state a claim under 42 U.S.C. § 1983."). Thus, Plaintiff's state law claims

///

are not cognizable under section 1983, and are only before this Court pendant to Plaintiff's claims based on federal law. However, Plaintiff's federal claims must be dismissed from the complaint for failure to exhaust administrative remedies.

When federal law claims are removed from a lawsuit before trial and only state law claims remain, the balance of factors to be considered under the pendant jurisdiction doctrine will usually point toward declining to exercise jurisdiction over the remaining state law claims, and to dismiss the claims without prejudice. *Carnegie-Mellon University v. Cohill*, 484 U.S. 343, 350 n.7 (1988); *see also United Mine Workers of America v. Gibbs*, 383 U.S. 715, 726 (1966) ("if the federal claims are dismissed before trial . . . the state claims should be dismissed as well"). Accordingly, this Court recommends Plaintiff's state law claims be **DISMISSED without prejudice**.

### IV.  CONCLUSION

Having reviewed the matter, this Court recommends:

1. The claims against J.R. Sandlin be **DISMISSED without prejudice**.

2. Defendants' Motion be **GRANTED** and Plaintiff's claims brought under section 1983 be **DISMISSED without prejudice** for failure to exhaust administrative remedies.

3. The Court decline to exercise jurisdiction over Plaintiff's state law claims and **DISMISS** the state law claims **without prejudice**.

This Report and Recommendation of the undersigned Magistrate Judge is submitted to the United States District Judge assigned to this case, pursuant to 28 U.S.C. § 636 (b)(1).

**IT IS ORDERED** that no later than **May 19, 2008**, any party to this action may file written objections with the Court and serve a copy on all parties. The document should be captioned "Objections to Report and Recommendation."

**IT IS FURTHER ORDERED** that any reply to the objections shall be filed with the Court and served on all parties within **10 days** of being served with the objections.

**IT IS SO ORDERED**.

Dated: April 14, 2008

**CATHY ANN BENCIVENGO**
United States Magistrate Judge