FILED

'08 JUL 28 PM 2: 18

CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

BY:  DEPUTY

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GARY P. SMITH,<br><br>　　　　　　　　　　　　　Plaintiff,<br><br>　　vs.<br><br>ROBERT J. HERNANDEZ, et al,<br><br>　　　　　　　　　　　　　Defendants. | CASE NO. 07cv1585 BEN (CAB)<br><br>**ORDER ADOPTING REPORT AND RECOMMENDATION**<br><br>**[Doc. No. 26]** |

　　　Gary P. Smith ("Plaintiff"), a state inmate proceeding *pro se*, filed a civil rights complaint pursuant to 42 U.S.C. § 1983.  On February 25, 2008, Defendants P. Zinser, R. Lawson, F. Labaco, Jr., T. Stoll, and R. Hernandez, employees at R.J. Donovan State Prison ("Defendants") filed a Motion to Dismiss, urging the Court, *inter alia*, to dismiss Plaintiff's Complaint for failure to exhaust his administrative remedies.

　　　On April 14, 2008, Magistrate Judge Cathy A. Bencivengo issued a Report and Recommendation ("Report"), recommending that the Motion to Dismiss be granted.  On June 3, 2008, Plaintiff filed Objections to Report and Recommendation ("Objections").

　　　A district judge "may accept, reject, or modify the recommended decision" of a Magistrate Judge on a dispositive matter.  Fed. R. Civ. P. 72(b); *see also* 28 U.S.C. § 636(b)(1).  Moreover,

07cv1585 BEN (CAB)

1   "the court shall make a *de novo* determination of those portions of the [Report and

2   Recommendation] to which objection is made." *Id.* "The statute makes it clear that the district

3   judge must review the magistrate judge's findings and recommendations de novo *if objection is*

4   *made*, but not otherwise. . . . Neither the Constitution nor the statute requires a district judge to

5   review, de novo, findings and recommendations that the parties themselves accept as correct."

6   *United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003) (*en banc*), *cert denied*, 540

7   U.S. 900 (2003) (emphasis in original).

8          Plaintiff only objects in part to the Report's findings.  He is not raising new arguments in

9   his Objections.  Plaintiff merely claims that Defendants "intentionally circumvented" his efforts to

10  file administrative grievances, and that "there was no legal avenue to make copies" of the

11  grievances he purportedly filed.  The Magistrate Judge has previously considered this argument in

12  issuing her well-reasoned Report and Recommendation.  The Report notes that Plaintiff failed to

13  offer any evidence to substantiate his claims.  Meanwhile, Defendants offered credible evidence,

14  which supports their claim that Plaintiff failed to exhaust his administrative remedies, as he was

15  required to do.

16         Plaintiff must properly exhaust his administrative remedies before filing a lawsuit in a

17  federal court. *Woodford v. Ngo*, 548 U.S. 81, 92 (2006).  "[M]erely conclusory statement[s]" do

18  not excuse failure to exhaust administrative remedies. *Nigro v. Sullivan*, 40 F.3d 990, 997 (9th

19  Cir. 1994) (citing *United States v. Johnson*, 988 F.2d 941, 945 (9th Cir.1993)).  The Court has

20  discretion to reject Plaintiff's reasons for his failure to exhaust administrative remedies.  *United*

21  *Farm Workers of America, AFL-CIO v. Arizona*, 669 F.2d 1249, 1253-54 (9th Cir. 1982).

22         In this case, the Court agrees with the Report's conclusion that Plaintiff failed to properly

23  rebut Defendants' showing of Plaintiff's failure to exhaust his administrative remedies.  Doc. No.

24  26, at 5-7; *see also Miller v. High Desert State Prison*, 2007 WL 2221059, at *2 (E.D. Cal. Aug. 1,

25  2007).  The Court does not find Plaintiff's claim, that Defendants' actions prevented him from

26  exhausting his remedies, credible.

27         Moreover, Defendants submitted credible evidence that Plaintiff was able to file

28  administrative appeals regarding other matters without apparent difficulties.  In her well-reasoned

1    Report and Recommendation, the Magistrate Judge properly considered Plaintiff's efforts to

2    exhaust his remedies and correctly determined that he failed to exhaust them.  Accordingly, this

3    Court adopts the Report and Recommendation in its entirety.

4            For the foregoing reasons, the Court ADOPTS the Report and Recommendation and

5    GRANTS Defendants' Motion to Dismiss.  The Court DISMISSES Plaintiff's claims without

6    prejudice for failure to exhaust his administrative remedies.  Because Defendant J.R. Sandlin was

7    never served with the summons and the complaint, Plaintiff's claims against him are also

8    DISMISSED without prejudice.  Finally, the Court declines to exercise supplemental jurisdiction

9    over Plaintiff's state law claims and DISMISSES these claims without prejudice.

10           **IT IS SO ORDERED**.

11

12   DATED:  *7/27/08*

13                                                          Honorable Roger T. Benitez
                                                           United States District Judge